# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | |
|---|---|
| Brittany Skeans, as mother and next friend of M.S., a minor, Shane Skeans and Brittany Skeans, individually, | Case No. 9:24-cv-3049-RMG |
| Plaintiffs, | |
| v. | **ORDER AND OPINION** |
| Atlantic Marine Corps Communities, LLC, d/b/a Atlantic Marine Corps Communities at Tri-Command, f/k/a Tri-Command Managing Member, LLC, a/f/k/a Tri-Command Military Housing, LLC, and Atlantic Marine Corps Communities Property Management LLC, | |
| Defendants. | |

Before the Court is Plaintiffs' motion to compel Defendant Atlantic Marine Corps Communities Property Management, LLC ("AMCC PM"). (Dkt. No. 38). AMCC PM opposes the motion. (Dkt. No. 40). Plaintiffs filed a reply (Dkt. No. 41), and AMCC PM filed a surreply. (Dkt. No. 44). For the reasons set forth below, the Court grants Plaintiffs' motion.

### I.   Background

The present suit arises from Defendants' operation of the Laurel Bay military housing community. Plaintiffs bring a host of claims against Defendants arising from their time as tenants at a rental property located at 69 Beech Street, including: negligence, reckless infliction of emotional distress, violation of the South Carolina Residential Landlord Tenant Act, violation of the South Carolina Unfair and Deceptive Trade Practices Act, negligent misrepresentation and fraud in the inducement. (*See generally* Dkt. No. 10). This Court dismissed Plaintiffs' claims against Defendant Lendlease and Plaintiffs' breach of contract claim against the remaining

1

Defendants but denied Defendants' motion to dismiss on all other grounds on October 30, 2024. (Dkt. No. 24). Plaintiffs filed the present motion to compel on April 9, 2025. (Dkt. No. 38 at 2).

## II. Legal Standard

Parties to civil litigation may obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense" so long as the information is "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The scope of discovery permitted by Rule 26 is designed to provide a party with information reasonably necessary to afford a fair opportunity to develop his or her case. *See, e.g., Nat'l Union Fire Ins. Co. of Pittsburgh, P.A. v. Murray Sheet Metal Co., Inc.*, 967 F.2d 980, 983 (4th Cir. 1992) (noting that "the discovery rules are given 'a broad and liberal treatment'"). The court "must limit the frequency or extent of discovery . . . if it determines that the discovery sought is unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i). "The scope and conduct of discovery are within the sound discretion of the district court." *Columbus–Am. Discovery Grp. v. Atl. Mut. Ins. Co.*, 56 F.3d 556, 568 n.16 (4th Cir. 1995); *see also Carefirst of Md, Inc. v. Carefirst Pregnancy Ctrs.*, 334 F.3d 390, 402 (4th Cir. 2003) ("Courts have broad discretion in [their] resolution of discovery problems arising in cases before [them].") (internal quotation marks omitted). To enforce the provisions of Rule 26, under Federal Rule of Civil Procedure 37, a "party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1).

## III. Discussion

Plaintiffs allege that AMCC PM's responses to their interrogatories and requests for production are deficient, noting that AMCC PM "provided a substantive response to only two (2) of Plaintiffs' sixteen (16) interrogatories" and responded to the remaining fourteen interrogatories

2

either by objecting to that request or referring generally to a forthcoming production without the specificity required by Fed. R. Civ. P. 33(d). (Dkt. No. 38 at 6). Plaintiffs originally served written discovery on AMCC PM on January 7, 2025, to which AMCC PM responded on February 20, 2025. (*Id.* at 2). Plaintiffs served a deficiency letter on AMCC PM on March 10, 2025, to which AMCC PM responded on March 24, 2025 noting that "it will supplement and amend its initial discovery responses accordingly" in light of the completed ESI protocol and Confidentiality Order and requested that "Plaintiffs review the updated responses and documents being produced before taking steps towards potentially unnecessary motion practice." (Dkt. No. 38-6 at 1). Plaintiffs proceeded to file the present motion to compel on April 9, 2025. (Dkt. No. 38).

Defendant contends that Plaintiffs' motion to compel is untimely where it wase served forty-nine (49) days after Defendant served its discovery responses to Plaintiffs on February 20, 2025. (Dkt. No. 40 at 1-2). Defendant also contends that Plaintiffs failed to meet and confer in violation of Local Rule 7.02 by failing to communicate with Defendant beyond serving the deficiency letter, citing its response to that letter where it cautioned that it was in the process of amending its responses. (*Id.* at 4). Defendant further explains that Plaintiffs' motion to compel was premature to the extent it complains of AMCC PM's failure to produce confidential documents and a corresponding privilege log, citing the confidentiality order governing these proceedings entered by the Court on March 19, 2025. (*Id.* at 5) (citing Dkt. No. 37). Finally, Defendant argues that "Plaintiffs' First Set of Discovery sought information that is impermissible and unduly burdensome to the extent the requests were not at all limited in time and seek information not limited to the claims at issue in Plaintiffs' Complaint, which concern water intrusion, water damage, and related mold and mycotoxin proliferation at 69 Beech." (*Id.*).

As a preliminary matter, the Court finds that Plaintiffs' motion to compel complies with Local Civil Rules 37.01(A) and 7.02.  Plaintiffs served their motion sixteen days of receiving Defendant's response to the deficiency letter and corresponding production on March 24, 2025—well within the Rule's twenty-one day deadline for filing a motion to compel. (Dkt. No. 38-3). With regards to Plaintiffs' duty to meet and confer with Defendant prior to filing the present motion, the Court considers that the deficiency letter correspondence satisfies this requirement where the production accompanying Defendant's response to the deficiency letter failed to remedy the deficiencies raised by Plaintiffs.  The Court proceeds to consider the merits of Plaintiffs' motion.

### A. AMCC PM's Answers To Plaintiffs' Interrogatories

Plaintiffs first highlight that AMCC PM objected to "certain standard interrogatories provided by the South Carolina Rules of Civil Procedure" seeking:

> (i) the identity and contact information of persons known to AMCC PM to be witnesses concerning facts of the case, (ii) a summary of the information those persons are believed to know, (iii) a list of photographs, plats, sketches, or other prepared documents relevant to this case that are in AMCC PM's possession, and (iv) the names and addresses of all insurance companies that have liability insurance for AMCC PM for the claims in this case.

(Dkt. No. 38 at 10) (citing Dkt. No. 38-3, AMCC PM's Objections to Plaintiffs' Interrogatories Nos. 2, 3, 4 and 5).  These are standard interrogatories seeking information that is clearly relevant to and within the scope of this case.  <u>The Court orders that AMCC PM amend its responses to Plaintiffs' Interrogatories Nos. 2, 3, 4 and 5 within twenty-one (21) days of this Order.</u>

Plaintiffs also complains that "AMCC PM refuses to disclose 'other similar incident' and business information that is relevant to the claims and defenses in this case." (Dkt. No. 38 at 12). Specifically, "In support of their negligence and UTPA claims, Plaintiffs have requested

information related to AMCC PM's business practices, budgeting related to maintenance and repairs, and complaints, claims, lawsuits, and reports involving similar allegations that AMCC and/or AMCC PM failed to provide habitable housing for its tenants and/or failed to timely and adequately remedy housing defects that rendered properties uninhabitable." (*Id.*).  AMCC PM objects that discovery should be limited only to the issues at the subject rental property inhabited by Plaintiffs—69 Beech Street. (*See* Dkt. No. 38-3, AMCC PM's Ans to Interrs. Nos. 8, 9, 11, 12, 13, 14, 15; AMCC PM's Resp. to Req. for Prod. Nos. 1, 2, 8, 10, 12, 13, 14, 17, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 45).

As Plaintiffs explain, these requests pertain to essential elements of their legal claims—specifically, the potential for repetition that may expose a defendant to liability under the South Carolina Unfair Trade Practices Act. (Dkt. No. 38 at 13-14).  The requested information is also potentially relevant to their negligence claims and request for punitive damages.  However, the Court must consider various factors in determining whether discovery is proportional to the needs of the case, including "whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).  The Court finds that the objected-to interrogatories are all appropriately limited in temporal scope. (*See* Dkt. No. 38-3). With regards to the objected-to requests for production, the Court finds that only Requests for Production Nos. 8 and 35 are unduly broad and require amendment by Plaintiffs.

In light of the foregoing, Plaintiffs are ordered to serve amended Requests for Production Nos. 8 and 35 on Defendant within seven (7) days of this Order.  AMCC PM is ordered to amend its responses to Interrogatories Nos. 8, 9, 11, 12, 13, 14, 15 and Requests for Production Nos. 1, 2,

<u>8, 10, 12, 13, 14, 17, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 45 within twenty-one (21) days of this Order.</u>

### B. AMCC PM's Reference To Forthcoming Productions

AMCC PM responds to eight of Plaintiffs' interrogatories by referring to a forthcoming production. (Dkt. No. 38-3, AMCC PM Ans. to Interr. Nos. 4, 8, 9, 10, 11, 12, 15, and 17). Fed. R. Civ. P. 33(d) provides:

> If the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by:
>
> > (1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could; and
> >
> > (2) giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries.

Here, Plaintiffs argue that, rather than refer to any specific document within its forthcoming production, AMCC PM refers generally to "documents which will be produced" or "documents and materials that Defendant anticipates producing." (Dkt. No. 38 at 8). Apparently, Defendant began producing documents shortly after March 19, 2025—the date the Court entered the Confidentiality Order in this case. (Dkt. No. 40 at 7; Dkt. No. 37). To the extent that Defendant has not supplemented its responses to Plaintiffs' Interrogatories and Requests for Production, the Court finds that AMCC PM's answers lack the specificity required by Rule 33(d) by failing to "specify[] the records that must be reviewed, ***in sufficient detail to enable the interrogating party to locate and identify them***." <u>The Court orders AMCC PM to amend its answers to Plaintiffs'</u>

<u>Interrogatories Nos. 4, 8, 9, 10, 11, 12, 15, and 17 by responding with specificity as to where in its document production Plaintiffs can locate the information responsive to each interrogatory.</u>

### C. AMCC PM's Failure To Produce A Privilege Log

Plaintiffs claim that AMCC PM "has asserted generalized privilege objections in twelve (12) of its responses to Plaintiffs' discovery requests" without producing an accompanying privilege log, and thus has waived those objections. (Dkt. No. 38 at 16). AMCC PM responds that the Parties have a separate ESI protocol providing that "privilege logs are to be produced 'within 60 days of the party's final production.'" (Dkt. No. 40 at 11; Dkt. No. 40-1 at 8). Plaintiffs reply that "the ESI Protocol is limited in application to the *production of electronically stored information (ESI)*" and "does not apply to the parties' written responses or withholding of non-ESI materials." (Dkt. No. 41 at 10). <u>The Court orders that AMCC PM produce a corresponding privilege log for any materials that are not governed by the Parties' ESI Protocol within twenty-one (21) days of this Order.</u>

### IV. Conclusion

In light of the foregoing, Plaintiffs' motion to compel is **GRANTED**. AMCC PM is **ORDERED** to amend its responses to Plaintiffs' interrogatories and requests for production within twenty-one (21) days of this Order.

**AND IT IS SO ORDERED**.

s/Richard M. Gergel
Richard Mark Gergel
United States District Judge

May 6, 2025
Charleston, South Carolina